MADDOX, Justice
(dissenting).
If the written threat of a Civil Rights law suit, bottomed as the suit must be on the acts of public officials, is just an “anticipated controversy,” the designation used by the majority, I would hate to see a real controversy. Callen v. Callen, cited by the majority, supports my view that there was an actual controversy present in this case. In Callen, the court opined:
“The only controversy which the petition shows has so far arisen in respect to the meaning of the decree heretofore rendered and the agreement adopted by the decree, is whether or not the proposed orthodontic treatments constitute an unforeseen need or emergency as contemplated by it. We are, as did the trial court, responding to that question and, therefore, there is no occasion for a further declaratory judgment. In respect to other situations which may arise, the Declaratory Judgments Act is not now available.” (Emphasis added.)
It is readily apparent that in Callen, the Court declared the rights of the parties relative to the “only controversy” presented (whether proposed orthodontic treatments constituted an unforeseen need). The Court did say that as to “other situations which may arise, the Declaratory Judgment Act is not now available.” (Emphasis added.) The Court did not say that it would not declare the rights of the parties under the divorce agreement, if there was an actual dispute. In fact, I infer from the Callen opinion that the Court stated that should a dispute come up in the future, declaratory relief would then be appropriate. In this case, there is a present dispute over whether the State can introduce the low appraisal. The landowners have threatened to sue the State officials if they introduce the low appraisal. The State says that it is entitled to introduce the evidence and intends to do so. That constitutes a present controversy, in my opinion.
Furthermore, controversies regarding the legality of the acts of public officials, or public agencies, challenged by parties whose interests are adversely affected, is one of the favored fields for declaratory judgment. Morgan v. Board of School Com’rs of Mobile County, 248 Ala. 22, 26 So.2d 108 (1946).
I am of the opinion that the plaintiffs were entitled to get a declaration of rights. The plaintiffs may not get a favorable declaration of rights, but I think they were entitled to one, favorable or not.
FAULKNER, J., concurs.